fore no basis for the contention that the court, after having dissolved the injunction and dismissed the bill for want of equity, should then have a hearing in reference to the custody of the personal property and to enter an order disposing of the same. If appellants are wrongfully withholding any of the personal property of said association from the proper authorities, the law affords an ample remedy to regain possession thereof, and the remedy should be sought there.

The order, therefore, will be that the judgment of the City Court dismissing the bill for want of equity and dissolving the injunction be affirmed. The order designated an order of restitution will be reversed and cause will be remanded with directions to vacate said order of restitution.

The costs of the appeal in this case will be equally divided between appellants and appellees.

*Affirmed in part and reversed in part with directions.*

---

**F. W. Hummel and E. S. Needs, trading as Hummel & Needs, Appellants, v. C. F. Freshwater et al., Appellees.**

### (Not to be reported in full.)

Appeal from the Circuit Court of Crawford county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

### Statement of the Case.

Petition by F. W. Hummel and E. S. Needs, copartners, trading as Hummel & Needs, complainants, against C. F. Freshwater (J. L. Barnes, C. M. Schuder,

Henry Labowitz and Louie Lindenbaum, copartners, trading as the Lawrenceville Salvage Company), the Western Supply & Wrecking Company, a corporation, and the Independent Torpedo Company, a corporation, defendants, to enforce a mechanic's lien for drilling a well. From a judgment refusing to hold Barnes, Schuder and the Lawrenceville Salvage Company personally liable, the Western Supply & Wrecking Company, Independent Torpedo Company and complainants appeal.

McCARTY & ARNOLD and NEWLIN, PARKER & NEWLIN, for appellants.

GEORGE W. LACKEY and NOAH M. TOHILL, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 8*—*what is insufficient evidence to prove agency.* The declarations of an alleged agent alone are not sufficient to prove his agency.

2. PRINCIPAL AND AGENT, § 8*—*what evidence is necessary to establish liability of persons as principals.* Where the owner of a certain oil lease contracted with three persons to sell to each a one-fourth interest in a well he proposed building when same was completed, and on completion of such well by him such interests were assigned to and paid for by said parties, and thereafter liens for supplies for the construction of the well furnished to the owner were filed and suit brought thereon and the materials sold to satisfy such liens, leaving a deficiency for which a personal decree was entered against such owner alone, *held* that in order to hold them to any personal liability it would be necessary to prove said owner was their agent ether by positive evidence or by the facts and circumstances surrounding the transaction.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.